## A. J. DeLong

### v.

### Treffley Soucie.

*Negotiable Instruments—Note—Alteration—Instructions.*

When an instrument offered in evidence has the appearance of having been altered, the law raises no presumption as to when the change was made, or by whom. These are questions of fact to be found by the jury.

[Opinion filed December 12, 1892.]

DeLong v. Soucie.

APPEAL from the Circuit Court of Iroquois County; the Hon. C. R. STARR, Judge, presiding.

Messrs. S. S. CONE and PAYSON & OREBAUGH, for appellant

Mr. C. W. RAYMOND, for appellee.

MR. JUSTICE HARKER. This was a suit by the assignee of a promissory note, in which the defense interposed was that the note was raised from $60.08 to $60.84 after being delivered. The face of the note bore unmistakable evidence of a change, and the only frictional question of fact was, whether the change was made at the time of the execution of the note with the consent of appellee, or afterward. On this point there was a sharp conflict in the testimony.

The court refused to instruct the jury, when asked. by appellant, " that when an instrument offered in evidence has the appearance of having been altered, the law raises no presumption as to when the change was made or by whom. These are questions of fact to be found by the jury; and in determining these questions the jury should look at the instrument itself, as well as to all the circumstances in evidence, for an explanation, and thus determine whether the alteration was made before or after the execution of the instrument, and whether such alteration was made with or without the consent of the defendant."

The instruction is the law as announced by our Supreme Court in Milliken v. Marlin, 66 Ill. 13. None of the instructions given to the jury embodied the same principle. Appellant had the right to have it given to the jury. For the error of the court in refusing it, the judgment will be reversed.

*Reversed and remanded.*